Filed 2/17/16  P. v. Hobley CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TIMOTHY HOBLEY,<br><br>    Defendant and Appellant. | B266812<br><br>(Los Angeles County<br>Super. Ct. No. MA022729) |

THE COURT:[*]

Defendant and appellant Timothy Hobley (defendant) appeals from an order denying his petition to recall his sentence and for resentencing under Proposition 36.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  After we notified defendant of his counsel's brief and gave him leave to file his own brief or letter stating any grounds or argument he might wish to have considered, defendant submitted a supplemental brief, raising defects in his underlying conviction.  After reviewing the entire record and defendant's supplemental brief, we find no arguable issues and affirm the order.

---

[*]    BOREN, P.J., ASHMANN-GERST, J., CHAVEZ, J.

In 2001, defendant was charged with five felonies, as follows:  counts 1, 2, and 3, assault with a deadly weapon, in violation of Penal Code section 245, subdivision (a)[1]; counts 4 and 5, making a terrorist threat, in violation of section 422, with the special allegations that in committing the two terrorist threat counts, defendant personally used a knife, within the meaning of section 12022, subdivision (b)(1).  The information alleged pursuant to the "Three Strikes" law, sections 1170.12, subdivision (a)-(d), and 667, subdivisions (b)-(i), and section 667 subdivision (a), that defendant had suffered a conviction of attempted robbery in 1986 and of a felony violation of section 245, subdivision (a)(1), in 1995.  A jury convicted defendant of counts 1, 2, 4, and 5 as charged, and as to count 3, convicted defendant of misdemeanor assault in violation of section 240.  The jury found true that defendant personally used a knife in making the terrorist threats.  Following a court trial on defendant's prior convictions the trial court found them true.

On June 3, 2002, the trial court imposed three concurrent third-strike sentences totaling 36 years to life in prison.  As to count 4, the base term, the court  imposed a sentence of 25 years to life, enhanced by one year for the use of a deadly weapon, and 10 years due to two prior serious felony convictions alleged under section 667, subdivision (a).  The court also imposed concurrent 25 years to life sentences as to each of counts 1 and 2, assaults with a deadly weapon, each enhanced by 10 years; and a concurrent 25 years to life as to count 5, enhanced by one year.  We subsequently affirmed the judgment in a nonpublished opinion.  (*People v. Hobley* (July 1, 2003, B160419).)

In August 2015, defendant filed Proposition 36 petitions to recall his third-strike sentences pursuant to section 1170.126.[2]  Defendant alleged that the convictions for which he was serving the sentences,  assault with a deadly weapon and criminal threats,

---

[1]    All further statutory references are to the Penal Code, unless otherwise indicated.

[2]    Defendant's petition for resentencing was not filed within two years of the effective date of Proposition 36, and made no showing of good cause for the delay, as required by section 1170.126, subdivision (b).  The trial court did not base its ruling on that provision.

were not serious or violent felonies listed in section 1192.7, subdivision (c). The trial court denied the petition on the ground that defendant was serving a life sentence imposed due to the commission of a serious or violent felony, and defendant filed a timely notice of appeal from the order.

"An inmate is eligible for resentencing if: [¶] . . . [t]he inmate is serving an indeterminate term of life imprisonment imposed pursuant to [the Three Strikes law] for a conviction of a felony or felonies that are not defined as serious and/or violent" under section 667.5, subdivision (c), or section 1192.7, subdivision (c). (§ 1170.126, subd. (e)(1); *People v. Johnson* (2015) 61 Cal.4th 674, 682.) Contrary to the allegation in defendant's petition, defendant's third-strike sentences were imposed for offenses that were serious felonies: assault with a deadly weapon, and felony criminal threat with the finding that defendant personally used a knife. (See § 1192.7 subd. (c)(31) & (23).) Defendant's sentences were thus ineligible for resentencing.

In his supplemental brief filed in support of this appeal, defendant contends that his sentence amounted to double jeopardy and violated the constitutional prohibition against cruel and unusual punishment, and that the evidence adduced at trial was insufficient to prove that he was armed with a knife. A trial court may not go beyond the record of conviction in determining whether the nature of the defendant's conviction qualifies for resentencing. (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1337-1341.) Thus, as defendant's record of conviction demonstrates that the disqualifying factors were pled and found true by a jury, the court was not permitted to consider evidence rejected by the jury. Further, nothing in Proposition 36 provides for a new trial on the charges or a second appeal of defendant's conviction. The rule remains that defendant is not entitled to challenge his criminal conviction in a second appeal after limited resentencing proceedings or other posttrial procedures. (*People v. Senior* (1995) 33 Cal.App.4th 531, 535-537.)

We have examined the entire record and are satisfied that defendant's appellate counsel has fully complied with her responsibilities and that no arguable issue exists. We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure

and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.